UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK D. ROLLINS, | ) |
| Plaintiff, | ) Case No. C08-1431-RAJ-BAT |
| v. | ) |
| | ) REPORT AND |
| DEPARTMENT OF CORRECTIONS, et.al., | ) RECOMMENDATION |
| Defendants. | ) |

Plaintiff, a Washington state prisoner, has filed a complaint under 42 U.S.C. § 1983, against the Department of Corrections ("DOC") and corrections officer Matthew Grier ("Grier"). He has also filed an application to proceed *in forma pauperis*. Because plaintiff has failed to state a claim on which relief may be granted, the Court recommends his complaint and this matter be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff alleges that in January, 2008 he was slapped on the side of his face by Grier during "horseplay." Dkt. 1 (complaint at 3). Shortly thereafter, Grier came up to plaintiff's cell and said to plaintiff, "I can knock you out . . . and there's nothing you can do." *Id.* Grier then left. Since then, plaintiff alleges he has "nightmares." *Id.* He seeks $2.5 million for "emotional damages." *Id.* at 4.

These allegations do not state a claim for relief under § 1983. Under the Prison Litigation

REPORT AND RECOMMENDATION – 1

Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). The requisite physical injury must be more than *de minimis* for purposes of § 1997e(e). *Id.* at 628. Here plaintiff does not allege he was physically injured. Rather, he alleges he suffered "emotional damages" based on Grier's statements. The only physical contact between plaintiff and Grier was the slap during "horseplay" but plaintiff makes no claim that the slap caused any physical injury.

Based on the deficiencies in plaintiff's complaint, his *in forma pauperis* application should be denied and this action should be dismissed without prejudice. If plaintiff believes that the deficiencies outlined herein can be cured by amendment to his complaint, he should lodge an amended complaint as part of his objections, if any, to this Report and Recommendation. A proposed Order of Dismissal accompanies this Report and Recommendation.

DATED this 28th day of October, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION – 2